STATE OF NORTH CAROLINA v. CARROLL DEAN BROOKS

No. 8327SC1065

(Filed 1 May 1984)

**Criminal Law § 138— mitigating factors—refusal to consider because of not guilty plea**

The trial judge could not, as a matter of law, refuse to consider evidence of the mitigating factors that defendant acted under strong provocation and that he committed the offense under duress or coercion because defendant pled not guilty and presented an alibi defense. G.S. 15A-1340.4(a)(2)(b)(i).

APPEAL by defendant from *Grist, Judge.* Judgment entered 16 May 1983 in Superior Court, LINCOLN County. Heard in the Court of Appeals 16 March 1984.

In 1982, defendant was tried on charges of discharging a firearm into occupied property. Defendant presented an alibi defense, but he was found guilty and sentenced to a 5 year prison term. Defendant appealed, and this court found error in defendant's sentencing and remanded the case for resentencing. *State v. Brooks*, 61 N.C. App. 572, 301 S.E. 2d 421 (1983).

On 16 May 1983, the resentencing hearing was held, and arguments of counsel in support of aggravating and mitigating factors were heard. The judge found one aggravating factor and no mitigating factors and sentenced defendant to a 5 year prison term, two years more than the presumptive term. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant-appellant.*

EAGLES, Judge.

Defendant assigns as error the trial judge's failure to find mitigating factors at the resentencing hearing. Defendant contends that the sentencing judge improperly refused to consider the existence of two mitigating factors because he felt that defendant's plea of not guilty prohibited his receiving evidence in support of the mitigating factors. We agree that this was error.

At the resentencing hearing, defendant's attorney asked the judge to consider as a mitigating factor, pursuant to G.S. 15A-1340.4(a)(2)(i), that defendant acted under strong provocation or the relationship between the victim and defendant was extenuating. The judge responded: "How can you have a mitigating factor that he acted under strong provocation when he says he didn't even do it?" Then, defendant's attorney requested that the judge consider, pursuant to G.S. 15A-1340.4(a)(2)(b), that defendant committed the offense under duress, coercion, threat or compulsion, which was insufficient to constitute a defense but significantly reduced his culpability. The judge replied:

I just can't assimilate a situation where a person says he's not guilty—that he was somewhere else—that he didn't do it—and then say, well, give me credit for a mitigating factor because even though I didn't do it, I was under duress, coercion, threat or compulsion.

We hold that the sentencing judge was operating under a misapprehension of the law in foreclosing consideration of evidence in support of these statutory mitigating factors because he

felt that defendant's plea of not guilty prohibited such considera-tion. The sentencing judge cannot, as a matter of law, refuse to consider mitigating factors after a jury has determined that de-fendant committed the crime, even though defendant presented an alibi defense at the guilt determination stage of the trial.

Remand for resentencing.

Judges WEBB and BECTON concur.